Civil Action Cover Sheet - Case Initiation                    (11/06/13) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

Matthew Burdick, Jamie Pinkstaff, and Candace Pinkstaff, a minor

v.                                          No. _____

Brian Bradford Stapler, Prime Inc., New Prime Inc., et al.

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☑ Yes  ☐ No

**(FILE STAMP)**

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☑ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
      (including Structural Work Act, Road
      Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
      *(Please Specify Below**)*
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
      (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
      *(Please specify below**)*
- ☐ 075 Other Commercial Litigation
      *(Please specify below**)*
- ☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

** _____

_____

Service via email from opposing party/counsel will be
accepted at:

By: _____        _____
      (Attorney)              (Pro Se)        by consent pursuant to Ill. Sup. Court Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice
from the Clerk's office for this case at this email address: _____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ATTORNEY CODE # 04771

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK, AND CANDACE PINKSTAFF, A MINOR, BY HER MOTHER AND NEXT FRIEND JAMIE PINKSTAFF-BURDICK, )))))

           Plaintiffs )))

v. ) NO.

BRIAN BRADFORD STAPLER, INDIVIDUALLY AND AS AGENT OF NEW PRIME, INC., BRIAN BRADFORD STAPLER, INDIVDUALLY AND AS AGENT OF PRIME INC., NEW PRIME INC. INDIVIDUALLY AND D/B/A PRIME INC., PRIME INC., NEW PRIME INC., DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRANSPORT, WABASH NATIONAL CORPORATION ))))))))))))))))

           Defendants )

FILED

DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION
2014 JAN 15 PM 3: 33

## <u>COMPLAINT AT LAW</u>

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and

CANDACE PINKSTAFF, a minor by her mother and next friend Jamie Pinkstaff-Burdick, by

their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the

Defendants, BRIAN BRADFORD STAPLER, individually and as agent of NEW PRIME INC,

BRIAN BRADFORD STAPLER, individually and as agent of PRIME INC, NEW PRIME INC

INDIVIDUALLY AND D/B/A PRIME INC, NEW PRIME INC, PRIME INC., DAIMLER

TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER

TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRANSPORT and WABASH NATIONAL CORPORATION alleges as follows:

## COUNT I

1. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler drove a vehicle southbound on I-57 in the Township of Teutopolis Township, County of Effingham and State of Illinois.

2. That the aforementioned vehicle driven by Brian Bradford Stapler was owned by Defendant New Prime Inc.

3. That the aforementioned vehicle driven by Brian Bradford Stapler was owned by Defendant Prime Inc.

4. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was employed by Defendant New Prime Inc.

5. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was the agent Defendant New Prime Inc.

6. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was employed by Defendant Prime Inc.

7. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was the agent of Defendant Prime Inc.

8. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was the agent or employee of a person or entity other than Defendant Prime Inc. or Defendant New Prime Inc.

9. That at said time and place Brian Bradford Stapler was driving a 2012 Freightliner truck owned by New Prime Inc.

10. That at said time and place, a tanker trailer was attached to the 2012 Freightliner truck being driven by Brian Bradford Stapler.

11. That the tanker trailer attached to the 2012 Freightliner truck driven by Brian Bradford Stapler contained vegetable oil.

12. That on January 20, 2012, prior to entering onto the roadway, Brian Bradford Stapler coupled the tanker trailer to the 2012 Freightliner truck.

13. As Brian Bradford Stapler travelled southbound on I-57 he knew or should have known the roadway, or parts of the roadway, was/were covered with ice.

14. As Brian Bradford Stapler travelled southbound on I-57 Defendant's Prime Inc and New Prime Inc. knew or should have known the roadway, or parts of the roadway, on which Brian Bradford Stapler travelled was covered with ice.

15. That on or approximately January 20, 2012, Plaintiff Matthew Burdick was operating a vehicle southbound on I-57 in the Township of Teutopolis Township, County of Effingham and State of Illinois.

16. That at said time and place Plaintiffs Jamie Pinkstaff-Burdick and Candace Pinkstaff, a minor, were passengers in the vehicle operated by Matthew Burdick.

17. That at said time and place, the tanker attached to the truck driven by Defendant Brian Bradford Stapler became uncoupled from the truck.

18. That at said time and place, the tanker trailer struck the vehicle occupied by Matthew Burdick, Jamie Pinkstaff-Burdick and Candace Pinkstaff, a minor.

19. That the aforesaid Defendants had a duty to exercise reasonable care for the safety of the Plaintiffs.

20. That the aforesaid Defendants were then and there guilty of one or more of the following acts and/or omissions:

   a) Drove said vehicle at a speed that was greater than reasonable and proper, in violation of 625 ILCS 5/11-601 of the Illinois Compiled Statutes.

   b) Failed to keep said vehicle within a single lane of traffic, in violation of 625 ILCS 5/11-709 of the Illinois Compiled Statutes.

   c) Swerved said vehicle suddenly, when such movement could not be made with reasonable safety, so as to cause it to collide with the Plaintiff's vehicle, in violation of 625 ILCS 5/11-804 of the Illinois Compiled Statutes.

   d) Turned said vehicle suddenly, without warning, so as to place it directly in the path of Plaintiff's oncoming vehicle, in violation of 625 ILCS 5/11-804 of the Illinois Compiled Statutes.

   e) Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301 of the Illinois Compiled Statutes.

   f) Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed.

   g) Failed to decrease speed of said vehicle so as to avoid colliding with Plaintiff's vehicle.

   h) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it.

   i) Failed to adjust speed or take other evasive action in order to avoid an imminent collision in violation of 625 ILCS 5/11-601;

j) Failed to sound the horn on said vehicle so as to give warning of its approach, in violation of 625 ILCS 5/12-601 of the Illinois Compiled Statutes;

k) failed to employ procedures for proper coupling;

l) failed to properly couple the tractor and trailer;

m) failed to have knowledge in procedures for proper coupling in violation of FMCSR 383.111;

n) Failed to inspect or properly inspect the coupling of tractor and trailer to ensure they were properly coupled;

o) Failed to maintain or properly maintain the fifth wheel and/or other attachments and appurtenances of the tractor and/or trailer;

p) Required and/or insisted that Mr. Stapler drive or continue driving despite the hazardous weather and road conditions;

q) Drove said vehicle when road conditions made it hazardous to do so;

r) Drove the vehicle with an inherently unstable load in a way that caused the trailer to tip over;

s) Drove in a manner that permitted the trailer to tip over;

t) Drove in a manner that permitted the truck to tip over;

u) Drove in a manner that permitted the trailer to uncouple from the truck;

v) Failed to have a policy or procedure in place to prevent the aforementioned;

w) Negligently trained, hired and/or supervised so as to prevent the aforementioned;

x) Failed to adequately train to prevent the aforementioned;

y) Was otherwise careless and negligent.

21. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant was a proximate cause of said occurrence and Plaintiffs personal injuries as hereinafter mentioned.

22. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants, the Plaintiffs then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that the Plaintiffs also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; the Plaintiffs further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT II

### (Strict Products Liability)

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and CANDACE PINKSTAFF, a minor by her other and next friend Jamie Pinkstaff-Burdick, by their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHLINER TRUCKS, WALKER STAINLESS EQUIPMENT

COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER

TRNASPORT, and WABASH NATIONAL CORPORATION, allege as follows:

1-19.    Plaintiffs' repeats and re-allege paragraphs 1-19 of Count I as and for paragraphs

1-19 of Count II.

20. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged

or participated in the business of designing, preparing, manufacturing, advertising,

distributing, installing, supplying and/or selling a certain product and/or its

appurtenances, commonly known as a 2012 Freightliner truck and that prior to said date,

the defendant had in fact designed, prepared, manufactured, advertised, distributed,

installed supplied and/or sold the aforesaid product and/or its appurtenances.

21. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged

or participated in the business of designing, preparing, manufacturing, advertising,

distributing, installing, supplying and/or selling a certain product and/or its

appurtenances, commonly known as a tanker trailer and that prior to said date, the

defendant had in fact designed, prepared, manufactured, advertised, distributed, installed

supplied and/or sold the aforesaid product and/or its appurtenances.

22. That at said time there was no abnormal use of the aforesaid product and/or its

appurtenances.

23. That at said time there was no reasonable secondary cause of the injury.

24. That at said time, the aforesaid product failed to perform as reasonably expected in light

of its nature and function.

25. That at said time the aforesaid product and/or its appurtenances was in an unreasonably

dangerous condition with regard to its acknowledged, intended and foreseeable uses, and

was so at the time the aforesaid product and/or its appurtenances left the control of the Defendant, in one or more of the following ways:

a. The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel permitted a properly coupled trailer to become uncoupled/detached;

b. The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel, or part thereof, separated from the truck;

c. The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that a properly coupled trailer could become uncoupled while on or about the roadway;

d. The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that the fifth wheel lock could be partially closed during the coupling process sufficient to satisfy a tug test (pull test), leading a driver to think the fifth wheel lock is properly coupled to the trailer king pin, when it is not;

e. The product lacked a warning as to any or all of the above.

f. The product lacked an adequate warning as to any or all of the above.

g. The product contained an inadequate warning as to any or all of the above.

h. Failed to have an adequate policy or procedure to prevent any or all of the above;

i. Failed to adequately train to prevent any or all of the above.

26. That on the aforesaid date, the aforesaid 2012 Freightliner truck and/or its appurtenances was in use on Interstate 57, County of Effingham, and State of Illinois.

27. That at said time and place, the tanker trailer coupled to the 2012 Freightliner truck became detached and separated from the 2012 Freightliner truck.

28. A tanker trailer should not uncouple/detach from a fifth wheel while travelling on or about an Interstate highway.

29. A fifth wheel should not separate from a truck while travelling on or about an Interstate highway.

30. That at said time and place the detached tanker trailer struck the vehicle occupied by Plaintiffs.

31. That as a direct and proximate result of one or more of the aforesaid conditions of said product and/or its appurtenances, Plaintiffs were injured as hereinafter mentioned.

32. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant was a proximate cause of said occurrence and Plaintiffs' personal injuries as hereinafter mentioned.

33. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, each Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that each Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; each Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT III

### (Negligence-Products Liability)

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and CANDACE PINKSTAFF, a minor by her other and next friend Jamie Pinkstaff-Burdick, by their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRNASPORT, and WABASH NATIONAL CORPORATION, allege as follows:

1-19.    Plaintiffs' repeats and re-allege paragraphs 1-19 of Count I as and for paragraphs 1-19 of Count III.

20. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged or participated in the business of designing, preparing, manufacturing, advertising, distributing, installing, supplying and/or selling a certain product and/or its appurtenances, commonly known as a 2012 Freightliner truck and that prior to said date, the defendant had in fact designed, prepared, manufactured, advertised, distributed, installed supplied and/or sold the aforesaid product and/or its appurtenances.

21. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged or participated in the business of designing, preparing, manufacturing, advertising,

distributing, installing, supplying and/or selling a certain product and/or its appurtenances, commonly known as a tanker trailer and that prior to said date, the defendant had in fact designed, prepared, manufactured, advertised, distributed, installed supplied and/or sold the aforesaid product and/or its appurtenances.

22. That at said time there was no abnormal use of the aforesaid product and/or its appurtenances.

23. That at said time there was no reasonable secondary cause of the injury.

24. That at said time, the aforesaid product failed to perform as reasonably expected in light of its nature and function.

25. That at said time the aforesaid product and/or its appurtenances was in an unreasonably dangerous condition with regard to its acknowledged, intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the Defendant, in one or more of the following ways:

   a. The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel permitted a properly coupled trailer to become uncoupled/detached;

   b. The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel, or part thereof, separated from the truck;

   c. The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that a properly coupled trailer could become uncoupled while on or about the roadway;

   d. The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that the fifth wheel lock could be partially closed during the

coupling process sufficient to satisfy a tug test (pull test), leading a driver to think the fifth wheel lock is properly coupled to the trailer king pin, when it is not;

e. The product lacked a warning as to any or all of the above.

f. The product lacked an adequate warning as to any or all of the above.

g. The product contained an inadequate warning as to any or all of the above.

h. Failed to have an adequate policy or procedure to prevent any or all of the above;

i. Failed to adequately train to prevent any or all of the above.

26. That on the aforesaid date, the aforesaid 2012 Freightliner truck and/or its appurtenances was in use on Interstate 57, County of Effingham, and State of Illinois.

27. That at said time and place, the tanker trailer coupled to the 2012 Freightliner truck became detached and separated from the 2012 Freightliner truck.

28. A tanker trailer should not uncouple/detach from a fifth wheel while travelling on or about an Interstate highway.

29. A fifth wheel should not separate from a truck while travelling on or about an Interstate highway.

30. That at said time and place the detached tanker trailer struck the vehicle occupied by Plaintiffs.

31. That as a direct and proximate result of one or more of the aforesaid conditions of said product and/or its appurtenances, Plaintiffs were injured as hereinafter mentioned.

32. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant was a proximate cause of said occurrence and Plaintiffs' personal injuries as hereinafter mentioned.

33. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, each Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that each Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; each Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT IV

## (FAMILY EXPENSE ACT)

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and CANDACE PINKSTAFF, a minor by her other and next friend Jamie Pinkstaff-Burdick, by their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, BRIAN BRADFORD STAPLER, individually and as agent of NEW PRIME INC, BRIAN BRADFORD STAPLER, individually and as agent of PRIME INC, NEW PRIME INC INDIVIDUALLY AND D/B/A PRIME INC, NEW PRIME INC, PRIME INC., DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A

FREIGHTLINER TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS

EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT,

WALKER TRANSPORT and WABASH NATIONAL CORPORATION allege as follows:

1. That Plaintiffs repeat and reallege paragraphs 1-22 of Count I and paragraphs 1-33 of Counts II and III as though fully set forth herein.

2. That as a direct and proximate result of one or more of the aforesaid acts or omissions of acts constituting legal misconduct of Defendants, the Plaintiffs did sustain great losses in the form of medical expenses, subjecting the defendant(s) to liability pursuant to Illinois common law and 750 ILCS 65/15, commonly referred to as the Family Expense Act.

Michael Wierzbicki
**HORWITZ, HORWITZ AND ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax: (312) 372-1673
Email: mike@horwitzlaw.com

ATTORNEY CODE # 04771

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK, and CANDACE PINKSTAFF, a minor by her mother and next friend JAMIE PINKSTAFF-BURDICK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) | NO. |
| BRIAN BRADFORD STAPLER, INDIVIDUALLY AND AS AGENT OF NEW PRIME, INC., et. al. | ) ) ) ) ) | |
| Defendants | ) | |

### SUPREME COURT RULE 222(b) AFFIDAVIT

1. The undersigned, Michael Wierzbicki, does hereby state under oath and under penalty of perjury:

2. My name is Michael Wierzbicki

3. I represent the Plaintiffs in the above-captioned case.

4. I have conducted an investigation into this case.

5. The Plaintiffs are seeking damages in excess of $50,000.00

6. FURTHER AFFIANT SAYETH NOT

_____
Michael Wierzbicki

HORWITZ, HORWITZ AND ASSOCIATES, LTD.
Attorneys at Law
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax (312) 372-1673

23330

ATTORNEY CODE # 04771
STATE OF ILLINOIS                    )
                                     ) SS:
COUNTY OF COOK                       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MATTHEW BURDICK, JAMIE PINKSTAFF-<br>BURDICK, and CANDACE PINKSTAFF, a<br>minor by her mother and next friend JAMIE<br>PINKSTAFF-BURDICK, | )<br>)<br>)<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | ) NO. |
| BRIAN BRADFORD STAPLER,<br>INDIVIDUALLY AND AS AGENT OF NEW<br>PRIME, INC., et. al. | )<br>)<br>)<br>) |
| Defendants | )<br>) |

## JURY DEMAND

The undersigned demands a jury trial.

_____
Michael Wierzbicki
**HORWITZ, HORWITZ AND ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax: (312) 372-1673
Email: mike@horwitzlaw.com

23330

ATTORNEY CODE # 04771
STATE OF ILLINOIS     )
                            ) SS:
COUNTY OF COOK     )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK, AND CANDACE PINKSTAFF, A MINOR, BY HER MOTHER AND NEXT FRIEND JAMIE PINKSTAFF-BURDICK, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | )   NO. 14 L 000441 ) |
| BRIAN BRADFORD STAPLER, INDIVIDUALLY AND AS AGENT OF NEW PRIME, INC., BRIAN BRADFORD STAPLER, INDIVDUALLY AND AS AGENT OF PRIME INC., NEW PRIME INC. INDIVIDUALLY AND D/B/A PRIME INC., PRIME INC., NEW PRIME INC., DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRANSPORT, WABASH NATIONAL CORPORATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

FILED 2014 FEB 14 AM 10: 35
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## ALIAS SUMMONS
### Please Serve:

**Brian  Bradford Stapler indiv and as agent of Prime Inc.**
**887 Johnson Avenue 513**
**New Hope, AL  35760-9359**

**To each defendant:**

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of the Circuit Court of Cook County, Richard J. Daley Center, Room 2209, 50 W. Washington St., Chicago, IL  within 30 days after service of this summons, not counting the day of service of this summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

FEB 14 2014

WITNESS _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Clerk of Court _____

SEAL

Served By Deputy: _____

Date of Service: _____

Name Horwitz, Horwitz and Associates, Ltd.
State ARDC # 4771
Attorney for Plaintiff
Address    25 E. Washington
City         Chicago, IL 60602
Telephone 312-372-8822





SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE

**\* 01320255 \***

CASE NUMBER: 14L000441      MULT. SER.: 2      DOC. TYPE: LAW
**DIE DATE: 2/14/2014**    RECEIVED DATE: 1/23/2014    FILED DATE: 1/21/2014    DIST: 604 DC

| | |
|---|---|
| **DEFENDANT:** | DAIMLER TRUCKS NORTH AMERICA LLC<br>208 S LASALLE ST<br>CHICAGO, IL 60604<br>STE.814 |

**PLAINTIFF:** BURDICK, MATTHEW
**ATTORNEY:** HORWITZ HORWITZ & ASSOC
25 E WASHINGTON #900
CHICAGO, IL 60602
312-372-8822

ATTACHED FEE AMT:
SERVICE INFORMATION: RNT 2-21-14

## I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

___ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

___ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20 ____

___ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

_X_ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ___ COMPANY ____ BUSINESS _____ PARTNERSHIP

___ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

___ **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

___ **(7) CERTIFIED MAIL**

     **\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

___ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

## THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:

| | | | |
|---|---|---|---|
| ___ (01) NO CONTACT | ___ (05) WRONG ADDRESS | ___ (09) DECEASED |
| ___ (02) MOVED | ___ (06) NO SUCH ADDRESS | ___ (10) NO REGISTERED AGENT |
| ___ (03) EMPTY LOT | ___ (07) EMPLOYER REFUSAL | ___ (11) OUT OF COOK COUNTY |
| ___ (04) NOT LISTED | ___ (08) CANCELLED BY PLAINTIFF ATTY | ___ (12) OTHER REASON (EXPLAIN) |

EXPLANATION: _____

WRIT SERVED ON: _F CANDE MP_____
SEX: _F_ RACE: _B_ AGE: _60_
THIS _30_ DAY OF _JAN_ 20_14_
TIME: _084_ AM/PM

THOMAS J. DART,
SHERIFF, BY: _____ #10061 , DEPUTY

| ATTEMPTED SERVICES | | |
|---|---|---|
| DATE | TIME (AM/PM) | STAR# |
| 28 JAN | 10 45a | 10617 |
| 30 JAN | 8 45a | 10061 |
| | : | |
| | : | |

DST421R

## M. PALOMINO #10061

Civil Action Cover Sheet - Case Initiation                                    (11/06/13) CCL 0520

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

Matthew Burdick, Jamie Pinkstaff, and Candace Pinkstaff, a minor

v.                                                    No. _____

Brian Bradford Stapler, Prime Inc., New Prime Inc., et al.

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the com-
plaint in all civil actions. The information contained herein is for adminis-
trative purposes only and cannot be introduced into evidence. Please check
the box in front of the appropriate case type which best characterizes your
action. Only one (1) case type may be checked with this cover sheet.

```
2014L000441
CALENDAR/ROOM H
TIME 00:00
PI Motor Vehicle
```

(FILE STAMP)

Jury Demand ☑ Yes ☐ No

**PERSONAL INJURY/WRONGFUL DEATH**
CASE TYPES:
- ☑ 027 Motor Vehicle
- ☐ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries
  (including Structural Work Act, Road
  Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☐ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice
  (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action
  (Please specify below**)
- ☐ 075 Other Commercial Litigation
  (Please specify below**)
- ☐ 076 Retaliatory Discharge

**OTHER ACTIONS**
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

Service via email from opposing party/counsel will be

accepted at:

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

By: _____
    (Attorney)              (Pro Se)

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice
from the Clerk's office for this case at this email address: _____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ATTORNEY CODE # 04771

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MATTHEW BURDICK, JAMIE PINKSTAFF- )
BURDICK, AND CANDACE PINKSTAFF, A )
MINOR, BY HER MOTHER AND NEXT FRIEND )
JAMIE PINKSTAFF-BURDICK, )
                                         )
               Plaintiffs )
                                           )
v.                                   )   NO.
                                           )       2014L000441
BRIAN BRADFORD STAPLER, INDIVIDUALLY )      CALENDAR/ROOM H
AND AS AGENT OF NEW PRIME, INC., BRIAN )     TIME 00:00
BRADFORD STAPLER, INDIVDUALLY AND AS )     PI Motor Vehicle
AGENT OF PRIME INC., NEW PRIME INC. )
INDIVIDUALLY AND D/B/A PRIME INC., PRIME )
INC., NEW PRIME INC., DAIMLER TRUCKS )
NORTH AMERICA LLC, INDIVIDUALLY AND )
D/B/A FREIGHTLINER TRUCKS, )
FREIGHTLINER TRUCKS, WALKER STAINLESS )
EQUIPMENT COMPANY LLC INDIVIDUALLY )
AND D/B/A WALKER TRANSPORT, WALKER )
TRANSPORT, WABASH NATIONAL )
CORPORATION )
                                           )
              Defendants )

**COMPLAINT AT LAW**

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and

CANDACE PINKSTAFF, a minor by her mother and next friend Jamie Pinkstaff-Burdick, by

their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the

Defendants, BRIAN BRADFORD STAPLER, individually and as agent of NEW PRIME INC,

BRIAN BRADFORD STAPLER, individually and as agent of PRIME INC, NEW PRIME INC

INDIVIDUALLY AND D/B/A PRIME INC, NEW PRIME INC, PRIME INC., DAIMLER

TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER

TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRANSPORT and WABASH NATIONAL CORPORATION alleges as follows:

## COUNT I

1. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler drove a vehicle southbound on I-57 in the Township of Teutopolis Township, County of Effingham and State of Illinois.

2. That the aforementioned vehicle driven by Brian Bradford Stapler was owned by Defendant New Prime Inc.

3. That the aforementioned vehicle driven by Brian Bradford Stapler was owned by Defendant Prime Inc.

4. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was employed by Defendant New Prime Inc.

5. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was the agent Defendant New Prime Inc.

6. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was employed by Defendant Prime Inc.

7. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was the agent of Defendant Prime Inc.

8. That on or approximately January 20, 2012, Defendant Brian Bradford Stapler was the agent or employee of a person or entity other than Defendant Prime Inc. or Defendant New Prime Inc.

9.  That at said time and place Brian Bradford Stapler was driving a 2012 Freightliner truck owned by New Prime Inc.

10. That at said time and place, a tanker trailer was attached to the 2012 Freightliner truck being driven by Brian Bradford Stapler.

11. That the tanker trailer attached to the 2012 Freightliner truck driven by Brian Bradford Stapler contained vegetable oil.

12. That on January 20, 2012, prior to entering onto the roadway, Brian Bradford Stapler coupled the tanker trailer to the 2012 Freightliner truck.

13. As Brian Bradford Stapler travelled southbound on I-57 he knew or should have known the roadway, or parts of the roadway, was/were covered with ice.

14. As Brian Bradford Stapler travelled southbound on I-57 Defendant's Prime Inc and New Prime Inc. knew or should have known the roadway, or parts of the roadway, on which Brian Bradford Stapler travelled was covered with ice.

15. That on or approximately January 20, 2012, Plaintiff Matthew Burdick was operating a vehicle southbound on I-57 in the Township of Teutopolis Township, County of Effingham and State of Illinois.

16. That at said time and place Plaintiffs Jamie Pinkstaff-Burdick and Candace Pinkstaff, a minor, were passengers in the vehicle operated by Matthew Burdick.

17. That at said time and place, the tanker attached to the truck driven by Defendant Brian Bradford Stapler became uncoupled from the truck.

18. That at said time and place, the tanker trailer struck the vehicle occupied by Matthew Burdick, Jamie Pinkstaff-Burdick and Candace Pinkstaff, a minor.

19. That the aforesaid Defendants had a duty to exercise reasonable care for the safety of the Plaintiffs.

20. That the aforesaid Defendants were then and there guilty of one or more of the following acts and/or omissions:

a) Drove said vehicle at a speed that was greater than reasonable and proper, in violation of 625 ILCS 5/11-601 of the Illinois Compiled Statutes.

b) Failed to keep said vehicle within a single lane of traffic, in violation of 625 ILCS 5/11-709 of the Illinois Compiled Statutes.

c) Swerved said vehicle suddenly, when such movement could not be made with reasonable safety, so as to cause it to collide with the Plaintiff's vehicle, in violation of 625 ILCS 5/11-804 of the Illinois Compiled Statutes.

d) Turned said vehicle suddenly, without warning, so as to place it directly in the path of Plaintiff's oncoming vehicle, in violation of 625 ILCS 5/11-804 of the Illinois Compiled Statutes.

e) Drove said vehicle without brakes adequate to control its movement, and to stop and hold it, in violation of 625 ILCS 5/12-301 of the Illinois Compiled Statutes.

f) Failed to see and observe Plaintiff's vehicle when it could and should have been seen and observed.

g) Failed to decrease speed of said vehicle so as to avoid colliding with Plaintiff's vehicle.

h) Failed to stop said vehicle in time to avoid said collision, although Defendant saw, or should have seen, that it was impending and had ample time and opportunity to avoid it.

i) Failed to adjust speed or take other evasive action in order to avoid an imminent collision in violation of 625 ILCS 5/11-601;

j)  Failed to sound the horn on said vehicle so as to give warning of its approach, in violation of 625 ILCS 5/12-601 of the Illinois Compiled Statutes;

k)  failed to employ procedures for proper coupling;

l)  failed to properly couple the tractor and trailer;

m)  failed to have knowledge in procedures for proper coupling in violation of FMCSR 383.111;

n)  Failed to inspect or properly inspect the coupling of tractor and trailer to ensure they were properly coupled;

o)  Failed to maintain or properly maintain the fifth wheel and/or other attachments and appurtenances of the tractor and/or trailer;

p)  Required and/or insisted that Mr. Stapler drive or continue driving despite the hazardous weather and road conditions;

q)  Drove said vehicle when road conditions made it hazardous to do so;

r)  Drove the vehicle with an inherently unstable load in a way that caused the trailer to tip over;

s)  Drove in a manner that permitted the trailer to tip over;

t)  Drove in a manner that permitted the truck to tip over;

u)  Drove in a manner that permitted the trailer to uncouple from the truck;

v)  Failed to have a policy or procedure in place to prevent the aforementioned;

w)  Negligently trained, hired and/or supervised so as to prevent the aforementioned;

x)  Failed to adequately train to prevent the aforementioned;

y)  Was otherwise careless and negligent.

21. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant was a proximate cause of said occurrence and Plaintiffs personal injuries as hereinafter mentioned.

22. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants, the Plaintiffs then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that the Plaintiffs also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; the Plaintiffs further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT II

### (Strict Products Liability)

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and CANDACE PINKSTAFF, a minor by her other and next friend Jamie Pinkstaff-Burdick, by their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHLINER TRUCKS, WALKER STAINLESS EQUIPMENT

COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER

TRNASPORT, and WABASH NATIONAL CORPORATION, allege as follows:

1-19.    Plaintiffs' repeats and re-allege paragraphs 1-19 of Count I as and for paragraphs

1-19 of Count II.

20. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged
    or participated in the business of designing, preparing, manufacturing, advertising,
    distributing, installing, supplying and/or selling a certain product and/or its
    appurtenances, commonly known as a 2012 Freightliner truck and that prior to said date,
    the defendant had in fact designed, prepared, manufactured, advertised, distributed,
    installed supplied and/or sold the aforesaid product and/or its appurtenances.

21. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged
    or participated in the business of designing, preparing, manufacturing, advertising,
    distributing, installing, supplying and/or selling a certain product and/or its
    appurtenances, commonly known as a tanker trailer and that prior to said date, the
    defendant had in fact designed, prepared, manufactured, advertised, distributed, installed
    supplied and/or sold the aforesaid product and/or its appurtenances.

22. That at said time there was no abnormal use of the aforesaid product and/or its
    appurtenances.

23. That at said time there was no reasonable secondary cause of the injury.

24. That at said time, the aforesaid product failed to perform as reasonably expected in light
    of its nature and function.

25. That at said time the aforesaid product and/or its appurtenances was in an unreasonably
    dangerous condition with regard to its acknowledged, intended and foreseeable uses, and

was so at the time the aforesaid product and/or its appurtenances left the control of the Defendant, in one or more of the following ways:

    a.  The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel permitted a properly coupled trailer to become uncoupled/detached;

    b.  The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel, or part thereof, separated from the truck;

    c.  The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that a properly coupled trailer could become uncoupled while on or about the roadway;

    d.  The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that the fifth wheel lock could be partially closed during the coupling process sufficient to satisfy a tug test (pull test), leading a driver to think the fifth wheel lock is properly coupled to the trailer king pin, when it is not;

    e.  The product lacked a warning as to any or all of the above.

    f.  The product lacked an adequate warning as to any or all of the above.

    g.  The product contained an inadequate warning as to any or all of the above.

    h.  Failed to have an adequate policy or procedure to prevent any or all of the above;

    i.  Failed to adequately train to prevent any or all of the above.

26. That on the aforesaid date, the aforesaid 2012 Freightliner truck and/or its appurtenances was in use on Interstate 57, County of Effingham, and State of Illinois.

27. That at said time and place, the tanker trailer coupled to the 2012 Freightliner truck became detached and separated from the 2012 Freightliner truck.

28. A tanker trailer should not uncouple/detach from a fifth wheel while travelling on or about an Interstate highway.

29. A fifth wheel should not separate from a truck while travelling on or about an Interstate highway.

30. That at said time and place the detached tanker trailer struck the vehicle occupied by Plaintiffs.

31. That as a direct and proximate result of one or more of the aforesaid conditions of said product and/or its appurtenances, Plaintiffs were injured as hereinafter mentioned.

32. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant was a proximate cause of said occurrence and Plaintiffs' personal injuries as hereinafter mentioned.

33. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, each Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that each Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; each Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT III

### (Negligence-Products Liability)

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and CANDACE PINKSTAFF, a minor by her other and next friend Jamie Pinkstaff-Burdick, by their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRNASPORT, and WABASH NATIONAL CORPORATION, allege as follows:

1-19.    Plaintiffs' repeats and re-allege paragraphs 1-19 of Count I as and for paragraphs 1-19 of Count III.

20. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged or participated in the business of designing, preparing, manufacturing, advertising, distributing, installing, supplying and/or selling a certain product and/or its appurtenances, commonly known as a 2012 Freightliner truck and that prior to said date, the defendant had in fact designed, prepared, manufactured, advertised, distributed, installed supplied and/or sold the aforesaid product and/or its appurtenances.

21. That on and prior to January 20, 2012, the aforementioned Defendant had been engaged or participated in the business of designing, preparing, manufacturing, advertising,

distributing, installing, supplying and/or selling a certain product and/or its appurtenances, commonly known as a tanker trailer and that prior to said date, the defendant had in fact designed, prepared, manufactured, advertised, distributed, installed supplied and/or sold the aforesaid product and/or its appurtenances.

22. That at said time there was no abnormal use of the aforesaid product and/or its appurtenances.

23. That at said time there was no reasonable secondary cause of the injury.

24. That at said time, the aforesaid product failed to perform as reasonably expected in light of its nature and function.

25. That at said time the aforesaid product and/or its appurtenances was in an unreasonably dangerous condition with regard to its acknowledged, intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the Defendant, in one or more of the following ways:

    a. The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel permitted a properly coupled trailer to become uncoupled/detached;

    b. The 2012 Freightliner truck was designed and/or manufactured so that the fifth wheel, or part thereof, separated from the truck;

    c. The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that a properly coupled trailer could become uncoupled while on or about the roadway;

    d. The 2012 Freightliner truck and/or tanker trailer was designed and/or manufactured so that the fifth wheel lock could be partially closed during the

coupling process sufficient to satisfy a tug test (pull test), leading a driver to think the fifth wheel lock is properly coupled to the trailer king pin, when it is not;

e. The product lacked a warning as to any or all of the above.

f. The product lacked an adequate warning as to any or all of the above.

g. The product contained an inadequate warning as to any or all of the above.

h. Failed to have an adequate policy or procedure to prevent any or all of the above;

i. Failed to adequately train to prevent any or all of the above.

26. That on the aforesaid date, the aforesaid 2012 Freightliner truck and/or its appurtenances was in use on Interstate 57, County of Effingham, and State of Illinois.

27. That at said time and place, the tanker trailer coupled to the 2012 Freightliner truck became detached and separated from the 2012 Freightliner truck.

28. A tanker trailer should not uncouple/detach from a fifth wheel while travelling on or about an Interstate highway.

29. A fifth wheel should not separate from a truck while travelling on or about an Interstate highway.

30. That at said time and place the detached tanker trailer struck the vehicle occupied by Plaintiffs.

31. That as a direct and proximate result of one or more of the aforesaid conditions of said product and/or its appurtenances, Plaintiffs were injured as hereinafter mentioned.

32. That one or more of the aforesaid acts or omissions constituting legal misconduct of the Defendant was a proximate cause of said occurrence and Plaintiffs' personal injuries as hereinafter mentioned.

33. That as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, each Plaintiff then and there sustained severe and permanent injuries, both internally and externally, and was and will be in the future hindered and prevented in whole or in part from attending to usual duties and affairs, and has lost and in the future will lose, the value of that time, and has suffered a loss of earning capacity, as aforementioned. Further, that each Plaintiff also suffered great pain and anguish both in mind and body, and will in the future continue to so suffer; each Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in a dollar amount to satisfy the jurisdictional limitation of this court, and in such additional amounts as the Court shall deem proper, plus the costs of this action.

## COUNT IV

### (FAMILY EXPENSE ACT)

NOW COME the Plaintiffs, MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK and CANDACE PINKSTAFF, a minor by her other and next friend Jamie Pinkstaff-Burdick, by their attorneys, HORWITZ, HORWITZ AND ASSOCIATES, LTD., and complaining of the Defendants, BRIAN BRADFORD STAPLER, individually and as agent of NEW PRIME INC, BRIAN BRADFORD STAPLER, individually and as agent of PRIME INC, NEW PRIME INC INDIVIDUALLY AND D/B/A PRIME INC, NEW PRIME INC, PRIME INC., DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A

FREIGHTLINER TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS

EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT,

WALKER TRANSPORT and WABASH NATIONAL CORPORATION allege as follows:

1. That Plaintiffs repeat and reallege paragraphs 1-22 of Count I and paragraphs 1-33 of

   Counts II and III as though fully set forth herein.

2. That as a direct and proximate result of one or more of the aforesaid acts or omissions of

   acts constituting legal misconduct of Defendants, the Plaintiffs did sustain great losses in

   the form of medical expenses, subjecting the defendant(s) to liability pursuant to Illinois

   common law and 750 ILCS 65/15, commonly referred to as the Family Expense Act.

Michael Wierzbicki
**HORWITZ, HORWITZ AND ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax: (312) 372-1673
Email: mike@horwitzlaw.com

ATTORNEY CODE # 04771

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

|  |  |  |
|---|---|---|
| MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK, and CANDACE PINKSTAFF, a minor by her mother and next friend JAMIE PINKSTAFF-BURDICK, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | NO. |
| BRIAN BRADFORD STAPLER, INDIVIDUALLY AND AS AGENT OF NEW PRIME, INC., et. al. | ) ) ) ) | |
| Defendants | ) ) | |

<u>**SUPREME COURT RULE 222(b) AFFIDAVIT**</u>

1. The undersigned, Michael Wierzbicki, does hereby state under oath and under penalty of

   perjury:

2. My name is Michael Wierzbicki

3. I represent the Plaintiffs in the above-captioned case.

4. I have conducted an investigation into this case.

5. The Plaintiffs are seeking damages in excess of $50,000.00

6. FURTHER AFFIANT SAYETH NOT

Michael Wierzbicki

HORWITZ, HORWITZ AND ASSOCIATES, LTD.
Attorneys at Law
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax (312) 372-1673

23330

ATTORNEY CODE # 04771
STATE OF ILLINOIS )
) SS:
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK, and CANDACE PINKSTAFF, a minor by her mother and next friend JAMIE PINKSTAFF-BURDICK, | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) NO. |
| BRIAN BRADFORD STAPLER, INDIVIDUALLY AND AS AGENT OF NEW PRIME, INC., et. al. | ) ) ) ) |
| Defendants | ) |

### JURY DEMAND

The undersigned demands a jury trial.

Michael Wierzbicki
**HORWITZ, HORWITZ AND ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois 60602
(312) 372-8822, fax: (312) 372-1673
Email: mike@horwitzlaw.com



SHERIFF'S OFFICE OF COOK COUNTY
AFFIDAVIT OF SERVICE



**\* 0 1 3 2 0 2 5 6 \***

| CASE NUMBER: 14L000441 | MULT. SER.: 2 | DOC. TYPE: LAW |
|---|---|---|
| **DIE DATE: 2/14/2014**  RECEIVED DATE: 1/23/2014 | FILED DATE: 1/21/2014 | DIST: 604 DC |

**DEFENDANT:** DAIMLER TRUCKS NORTH AMERICA LLC
208 S LASALLE ST
CHICAGO, IL 60604
STE.814

**PLAINTIFF:** BURDICK, MATTHEW

**ATTORNEY:** HORWITZ & ASSOC
25 E WASHINGTON #900
CHICAGO, IL 60602
312-372-8822

ATTACHED FEE AMT:
SERVICE INFORMATION: RTN2-21-D/B/A FREIGHTLINER TRUCKS C/O CT CORP SYS

**I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:**

____ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20 ____

____ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

X **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION ____ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

____ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____ **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____ **(7) CERTIFIED MAIL**

**\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

---

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| ____ (01) NO CONTACT | ____ (05) WRONG ADDRESS | ____ (09) DECEASED |
| ____ (02) MOVED | ____ (06) NO SUCH ADDRESS | ____ (10) NO REGISTERED AGENT |
| ____ (03) EMPTY LOT | ____ (07) EMPLOYER REFUSAL | ____ (11) OUT OF COOK COUNTY |
| ____ (04) NOT LISTED | ____ (08) CANCELLED BY PLAINTIFF ATTY | ____ (12) OTHER REASON (EXPLAIN) |

EXPLANATION: _____

WRIT SERVED ON: _E. RANDLE MP_____
SEX: _F_ RACE _B_ AGE: _40_
THIS _30_ DAY OF _JAN_ 20 _14_
TIME: _2u_ AM/PM

THOMAS J. DART
SHERIFF, BY: _____, DEPUTY

ATTEMPTED SERVICES

| DATE | TIME (AM/PM) | STAR# |
|---|---|---|
| 28 Jan | 03 45 | 12617 |
| 30 JAN | 8 CAM | 10061 |
| | : | |
| | : | |

DST421R

M. PALOMINO #10061

23330

ATTORNEY CODE # 04771
STATE OF ILLINOIS         )
                           ) SS:
COUNTY OF COOK       )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| MATTHEW BURDICK, JAMIE PINKSTAFF-BURDICK, AND CANDACE PINKSTAFF, A MINOR, BY HER MOTHER AND NEXT FRIEND JAMIE PINKSTAFF-BURDICK | ) ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) NO. 14 L 000441 |
| BRIAN BRADFORD STAPLER, INDIVIDUALLY AND AS AGENT OF NEW PRIME, INC., BRIAN BRADFORD STAPLER, INDIVDUALLY AND AS AGENT OF PRIME INC., NEW PRIME INC. INDIVIDUALLY AND D/B/A PRIME INC., PRIME INC., NEW PRIME INC., DAIMLER TRUCKS NORTH AMERICA LLC, INDIVIDUALLY AND D/B/A FREIGHTLINER TRUCKS, FREIGHTLINER TRUCKS, WALKER STAINLESS EQUIPMENT COMPANY LLC INDIVIDUALLY AND D/B/A WALKER TRANSPORT, WALKER TRANSPORT, WABASH NATIONAL CORPORATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants | ) ) |

## ALIAS SUMMONS
### Please Serve:

**Brian Bradford Stapler Indiv and as agent of New Prime Inc.**
**887 Johnson Avenue 513**
**New Hope, AL 35760-9359**

**To each defendant:**

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of the Circuit Court of Cook County, Richard J. Daley Center, Room 2209, 50 W. Washington St., Chicago, IL within 30 days after service of this summons, not counting the day of service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS_____ **DOROTHY BROWN**
**CLERK OF CIRCUIT COURT**

Clerk of Court_____

SEAL        Served By Deputy:_____

Date of Service:_____

FEB 14 2014

Name Horwitz, Horwitz and Associates, Ltd.
State ARDC # 4771
Attorney for Plaintiff
Address    25 E. Washington
City       Chicago, IL 60602
Telephone 312-372-8822